**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KYLE CHRUPCALA, as the representative of a class of similarly situated persons, and on behalf of the Firstrust 401(k) and Profit Sharing Plan,** *Plaintiff,* | : | |
| **v.** | : | **CIVIL NO. 25-6578** |
| **FIRSTRUST SAVINGS BANK,** *Defendant.* | : | |

**MEMORANDUM**

**KENNEY, J.** **NOVEMBER 12, 2026**

Before the Court is the parties' Joint Motion to Impound Materials Designated as Confidential in Defendant's Opposition to Plaintiff's Motion for Class Certification (the "Joint Motion") (ECF No. 43). For the reasons set forth below, the Joint Motion (ECF No. 43) is **GRANTED IN PART** and **DENIED IN PART**.

## I. DISCUSSION

### A. Standard for Sealing Documents Under *In re Avandia*

The Court previously approved a stipulated protective order in this case, *see* ECF No. 31, but a more demanding standard applies when a party seeks to seal judicial records. *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) [hereinafter *In re Avandia*] (explaining that "the common law presumes that the public has a right of access to judicial materials"). District courts in the Third Circuit "apply three distinct standards when considering various challenges to the confidentiality of documents[:]" (1) "the factors articulated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783–92, (3d Cir. 1994), when [courts] review orders preserving the confidentiality of discovery materials pursuant to Federal Rule of Civil

Procedure 26[;]" (2) "the more rigorous common law right of access when discovery materials are filed as court documents[;]" and (3) "the First Amendment right of public access attaches to, *inter alia*, civil trials." *Id.* at 670 (citations omitted); *see also In re ESML Holdings Inc.*, 135 F.4th 80, 93–94 (3d Cir. 2025) (discussing the common law right of access in comparison with the First Amendment right of access).

The public's right of access to judicial records "is not absolute," and can "be rebutted by a showing that an 'interest in secrecy outweighs the presumption.'" *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-cv-4660, 2023 WL 1100995, at *2 (E.D. Pa. Jan. 30, 2023) (quoting *In re Avandia*, 924 F.3d at 672). A party seeking to file documents under seal or to redact information from documents must make a specific showing as to each document or redaction that it seeks to seal. *See In re Avandia*, 924 F.3d at 673; *see also Halman Aldubi Provident & Pension Funds Ltd.*, 2023 WL 1100995, at *3. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Instead, the movant must demonstrate that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking" to seal the materials. *In re Avandia*, 924 F.3d at 672 (internal quotations and citation omitted). Moreover, "the mere fact that documents are marked confidential under the parties' [Stipulated Protective Order] is not a sufficient basis for those documents to be filed under seal." *Doe A.F. v. Lyft, Inc.*, No. 23-cv-3990, 2024 WL 7001976, at *1 n.1 (E.D. Pa. July 19, 2024).

In addition, "[t]o overcome the First Amendment hurdle, [the moving party] must demonstrate 'an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Halman Aldubi*

*Provident & Pension Funds Ltd.*, 2023 WL 1100995, at *7 (quoting *In re Avandia*, 924 F.3d at 673); *see also In re ESML Holdings Inc.*, 135 F.4th at 94 n.5 (explaining that "the First Amendment extends beyond in-person attendance and embodies a commitment to the public's access to sources of information of what occurred during the proceedings, ensuring the public's ability to monitor, observe, and comment upon the activities of the judge and the judicial process" (internal quotations and citation omitted)).

**B. Documents Sought to Be Sealed**

Here, the parties jointly seek to seal four categories of material: (1) "personal demographic and financial information" regarding Plaintiff's background; (2) "confidential and proprietary investment analysis, the disclosure of which could affect [Defendant's] competitive position relative to other employers[;]" (3) "confidential personal financial information" regarding Plaintiff's account statements; and (4) "confidential and proprietary financial and demographic information" regarding "the Plan participants and their investment activities, the disclosure of which could affect Plan participants as well as [Defendant's] competitive position relative to other employers." ECF No. 43 at 1–2.

***1. Confidential Financial and Proprietary Information Will Be Sealed***

The Court has conducted an *in camera* review of the Exhibits that the parties seek to seal and the proposed redactions in Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification. The Court finds that the parties have sufficiently demonstrated that disclosure of the Plan's confidential and proprietary financial details, investment analysis, and investment performance would "work a clearly defined and serious injury" to Defendant. *In re Avandia*, 924 F.3d at 672 (internal quotations and citation omitted). Indeed, courts often find that "confidential business information may be protected from disclosure." *Leucadia, Inc. v. Applied Extrusion*

*Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993); *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) ("[C]ourts may deny access to judicial records . . . where they are sources of business information that might harm a litigant's competitive standing" (internal quotations and citation omitted)). The parties have likewise adequately established that (1) disclosure of the demographic information and investment activities of the Plan's participants may impact Defendant's competitive position; and (2) that protection is warranted for Plaintiff's personal financial account statements, which he has a legitimate privacy interest in.

With respect to the First Amendment, the proposed redactions in Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification related to Plaintiff's and Defendant's confidential financial information and Plan participants' demographic information and investment activities are limited in scope and narrowly tailored to material that may cause competitive harm. *See Del Nero v. NCO Fin. Sys., Inc.*, No. 06-cv-4823, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021) ("[W]here possible, parties should propose redactions, rather than placing a whole document under seal."). While the parties seek to seal Exhibits 4, 5, 8, 9, 10, 11, 17, and 18 in their entirety, the parties have sufficiently demonstrated that these Exhibits contain sensitive information, and it is not apparent that the Exhibits are well-suited for redactions.

Accordingly, the Joint Motion is granted as to Exhibits 4, 5, 8, 9, 10, 11, 17, and 18 to Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification (ECF Nos. 43-5, 43-6, 43-7, 43-8, 43-9, 43-10, 43-12, 43-13), the unredacted version of Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification (ECF No. 43-3), and as to the redacted portions of Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification that the parties seek to seal on pages 6–9, 13–16, 18–20, and 23–24,[1] which may

[1] The Court uses the pagination supplied by the CM/ECF docketing system.

remain under seal. *See* ECF No. 42 at 6–9, 13–16, 18–20, 23–24; ECF No. 43-3 at 6–9, 13–16, 18–20, 23–24.

### *2. Information Regarding Plaintiff's Personal Background Will Be Unsealed*

However, the parties have not satisfied their burden with respect to the basic background information regarding Plaintiff Kyle Chrupcala that was redacted in Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification. *See* ECF No. 42 at 11, 27–28; ECF No. 43-3 at 11, 27–28. The Third Circuit has found that "concern about [a party's] public image, embarrassment, or reputational injury, without more, is insufficient to rebut the presumption of public access." *In re Avandia*, 924 F.3d at 676 (collecting cases). The information that the parties seek to seal appears to this Court to be designed to protect Plaintiff from "[m]ere embarrassment" and from potential reputational damage in connection with his personal background, which "is insufficient to overcome the strong presumption of public access inherent in the common law right." *Id.* at 679 (collecting cases).

Moreover, much of the information that the parties seek to seal regarding Plaintiff's background and his involvement in other lawsuits appears to already be available in the public realm and thus does not warrant judicial protection. *See* ECF No. 42 at 11, 27–28; ECF No. 43-3 at 11, 27–28 (discussing civil and criminal docket sheets and Plaintiff's LinkedIn profile). By initiating this lawsuit and proposing to serve as the class representative, Plaintiff has effectively agreed to open himself up to at least some scrutiny. *See, e.g.*, *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) ("A named plaintiff who has serious credibility problems or who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative."); *Rojas v. City of New Brunswick*, No. 04-cv-3195, 2008 WL 11513208, at *5 (D.N.J. Jan. 3, 2008) ("A plaintiff's honesty and integrity are important

considerations in allowing him to represent a class." (collecting cases)). Potential reputational injury, without more, is not enough to satisfy the high bar for sealing.

For similar reasons, the parties have not adequately demonstrated that the information in Exhibit 3 (ECF No. 43-4), the excerpts of the transcript of Plaintiff's deposition, would "work a clearly defined and serious injury" to Plaintiff if disclosed. *In re Avandia*, 924 F.3d at 672 (internal quotations and citation omitted). Once again, the parties appear to be attempting to protect Plaintiff from mere embarrassment and reputational injury in connection with his background, which is an insufficient basis to seal the information. *Id.* at 676, 679. Moreover, the financial information that is discussed in the excerpts generally does not appear to be proprietary, confidential, or sensitive in nature. Therefore, the Joint Motion is denied to the extent that the parties seek to seal Exhibit 3 in its entirety. However, the Court will permit the parties to redact Plaintiff's date of birth from the deposition transcript.

Accordingly, the Joint Motion is denied as to the portions of Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification that the parties seek to seal on pages 11 and 27–28 (the information regarding Plaintiff Kyle Chrupcala's personal background). *See* ECF No. 42 at 11, 27–28; ECF No. 43-3 at 11, 27–28. The Joint Motion is also denied as to Exhibit 3 (ECF No. 43-4) to the extent that the parties seek to seal Exhibit 3 in its entirety.

### *3. Defendant's Expert Report Will Not Be Sealed in its Entirety*

The parties have not sufficiently demonstrated that the information contained in Exhibit 12 (ECF No. 43-11), the Expert Report of Lori Lucas, warrants sealing in its entirety. After conducting an *in camera* review of the Expert Report, several sections of the Report do not contain sensitive, financial information that would cause competitive harm to Defendant, such as the expert's Qualifications, her overall Assignment, and her CV. The parties must re-review the

Expert Report, propose limited redactions to it in accordance with the sealing standards outlined in *In re Avandia*, and submit the proposed redactions to the Court for an additional *in camera* review. The Court will maintain the entire, unredacted version of the Expert Report under seal for the time being.

***4. The Joint Motion Will Be Unsealed***

Finally, the Joint Motion itself (ECF No. 43), the accompanying list of Documents Sought to Be Filed Under Seal (ECF No. 43-1), and the accompanying Proposed Order (ECF No. 43-2) do not contain sufficiently confidential and sensitive information, such that sealing is warranted. Moreover, the parties did not file their previous Motion to Seal under seal. *See* ECF No. 35. Accordingly, the Court will unseal these documents.

## II. CONCLUSION

For the foregoing reasons, the Joint Motion (ECF No. 43) is **GRANTED IN PART** and **DENIED IN PART** as outlined herein. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**